# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK            Date Filed:
COUNTY OF KINGS                                   Index:
================================X
JOSE GUERRERO,                                    **SUMMONS**

          Plaintiff,          Plaintiff designates
                                                  KINGS
  -against-                              as place of trial

CHARLES LOIACONO and                              The basis of the venue is:
COSTCO WHOLESALE CORPORATION,                     Situs of Occurrence

          Defendants.
================================X

TO THE ABOVE NAMED DEFENDANTS:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
    April 8, 2019

The nature of this action is for injuries sustained as a result of the defendant's negligence.
The relief sought is monetary damages.

              ELEFTERAKIS, ELEFTERAKIS & PANEK

              -----------------------------------
              BY: NICHOLAS ELEFTERAKIS, ESQ.
              *Attorneys for Plaintiff*
              80 Pine Street, 38th Floor
              New York, N.Y. 10005
              (212) 532-1116

**Failure to respond, a judgment will be against you, by default and interest from January 5, 2019.**

Defendants:
**CHARLES LOIACONO**
341 Oak Tree Ave

South Plainfield, NJ 07080

**COSTCO WHOLESALE CORPORATION**
10 Costco Dr
Monroe Town, NJ 08831

**COSTCO WHOLESALE CORPORATION**
C/O CT Corporation System
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
============================X   Index No:
JOSE GUERRERO,

                Plaintiff,                      **VERIFIED COMPLAINT**

           -against-

CHARLES LOIACONO and
COSTCO WHOLESALE CORPORATION,

                Defendants.
============================X

      Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, **JOSE GUERRERO**, at all times herein mentioned was and still is a resident of the State of New York.

2. The defendant, **CHARLES LOIACONO**, at all times herein mentioned was and still is a resident of the State of New York.

3. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, Defendant, **COSTCO WHOLESALE CORPORATION**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **COSTCO WHOLESALE CORPORATION**, maintained a principal place of business in the State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, Defendant,

**COSTCO WHOLESALE CORPORATION**, conducted and carried on business in the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **COSTCO WHOLESALE CORPORATION**, transacted business within the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **COSTCO WHOLESALE CORPORATION**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **COSTCO WHOLESALE CORPORATION**, expected or should have reasonably expected its acts to have consequences in the State of New York.

10. On or about January 5, 2019, defendant, **CHARLES LOIACONO**, owned a certain automobile with license plate CW036 as issued by the State of Indiana.

11. On or about January 5, 2019, defendant, **CHARLES LOIACONO** was the lessee of a certain automobile with license plate CW036 as issued by the State of Indiana.

12. On or about January 5, 2019, defendant, **CHARLES LOIACONO** was the lessor of a certain automobile with license plate CW036 as issued by the State of Indiana.

13. On or about January 5, 2019, defendant, **CHARLES LOIACONO** maintained a certain automobile with license plate CW036 as issued by the State of Indiana.

14. On or about January 5, 2019, defendant, **CHARLES LOIACONO** controlled a certain automobile with license plate CW036 as issued by the State of Indiana.

15. On or about January 5, 2019, defendant, **CHARLES LOIACONO** operated a certain automobile with license plate CW036 as issued by the State of Indiana.

16. On or about January 5, 2019, defendant, **CHARLES LOIACONO** operated, maintained and controlled a certain automobile with license plate CW036 as issued by the State of Indiana with consent of its owner.

17. On or about January 5, 2019, defendant, **COSTCO WHOLESALE CORPORATION,** owned a certain automobile with license plate CW036 as issued by the State of Indiana.

18. On or about January 5, 2019, defendant, **COSTCO WHOLESALE CORPORATION** was the lessee of a certain automobile with license plate CW036 as issued by the State of Indiana.

19. On or about January 5, 2019, defendant, **COSTCO WHOLESALE CORPORATION** was the lessor of a certain automobile with license plate CW036 as issued by the State of Indiana.

20. On or about January 5, 2019, defendant, **COSTCO WHOLESALE CORPORATION** maintained a certain automobile with license plate CW036 as issued by the State of Indiana.

21. On or about January 5, 2019, defendant, **COSTCO WHOLESALE CORPORATION** controlled a certain automobile with license plate CW036 as issued by the State of Indiana.

22. On or about January 5, 2019, defendant, **CHARLES LOIACONO** operated, maintained and controlled a certain automobile with license plate CW036 as issued by the State of Indiana with consent of its owner defendant, **COSTCO WHOLESALE CORPORATION.**

23. On or about January 5, 2019, defendant, **CHARLES LOIACONO** operated, maintained and controlled a certain automobile with license plate CW036 as issued by the State of

Indiana during the course of his employment with defendant, **COSTCO WHOLESALE CORPORATION.**

24. At all times hereinafter mentioned, the eastbound side of the roadway known as the Gowanus Expressway at or near 27th Street in Kings County, State of New York, was a public roadway and thoroughfare in common use by the residents of the State of New York, and others.

25. That on January 5, 2019, the plaintiff, **JOSE GUERRERO**, was the driver in a motor vehicle with license plate JEZ7550 as issued by the State of New York at the location hereinafter described.

26. That on January 5, 2019, at the aforesaid location, the defendants' motor vehicle came in contact with plaintiff's motor vehicle.

27. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless, reckless, wrongful, willful and negligent manner in which the defendant, **CHARLES LOIACONO**, operated and controlled their motor vehicle, without this plaintiff, **JOSE GUERRERO**, in any way contributing thereto.

28. That defendant, **COSTCO WHOLESALE CORPORATION**, was negligent, careless and reckless in hiring defendant, **CHARLES LOIACONO**; in failing to properly train defendant, **CHARLES LOIACONO**, for the purposes of operating the subject vehicle; in failing to hire and employ competently trained drivers for the purpose of operating the subject vehicle; in failing to properly instruct and train defendant, **CHARLES LOIACONO**, in the operation of the subject vehicle; in failing to promulgate and to enforce sufficient rules and regulations for safety standards while operating the subject vehicle; in failing to properly supervise defendant, **CHARLES LOIACONO**; and in

negligently and recklessly retaining defendant, **CHARLES LOIACONO**, as an employee.

29. That by reason of the foregoing and the negligence of the defendants, the Plaintiff **JOSE GUERRERO** was severely injured, bruised and wounded, some of which injuries are permanent in nature and duration, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

30. That by reason of the foregoing, the Plaintiff, **JOSE GUERRERO**, was compelled and did necessarily require medical aid and attention, and did necessarily pay and become liable for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

31. That by reason of the foregoing, the Plaintiff, **JOSE GUERRERO**, has been and will be unable to attend to his usual occupation in the manner required.

32. The aforesaid accident was due solely as a result of the defendants' negligence, gross negligence, recklessness, and carelessness in the operation of said vehicle.

33. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

34. That by reason of the wrongful, reckless, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, **JOSE GUERRERO**, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

35. That Plaintiff, **JOSE GUERRERO**, is a 'covered person' as defined by section 5102 (j) of the Insurance Law of the State of New York.

36. That Plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in section 5102(a) of the Insurance Law of the State of New York.

37. That Plaintiff is entitled to recovery for non-economic loss and for all economic losses sustained.

38. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

39. That pursuant to CPLR Section 1602(2) (iv), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

40. That pursuant to CPLR Section 1602(7), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

41. That pursuant to CPLR Section 1602(6), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of Defendants' use, ownership or operation of a motor vehicle.

42. That pursuant to CPLR Section 1602(2) (iv), Defendant owner is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss,

irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said is vicariously liable for the negligent acts and omissions of Defendant operator of said vehicle.

43. That by reason of the foregoing, Plaintiff, **JOSE GUERRERO**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, plaintiff, **JOSE GUERRERO**, demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction all together with the costs and disbursements of this action. Plaintiff demands a jury trial.

Dated: New York, New York
April 8, 2019

ELEFTERAKIS, ELEFTERAKIS & PANEK

By: _____
Nicholas Elefterakis, Esq.
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
)
COUNTY OF NEW YORK ) SS:

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
April 8, 2019

_____
Nicholas Elefterakis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

JOSE GUERRERO,

                          Plaintiff,

                          -against-

CHARLES LOIACONO and COSTCO WHOLESALE CORPORATION,

                          Defendants.

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

---

**Summons and Verified Complaint**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:
    Nicholas Elefterakis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:
    I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
         April 8, 2019

                                        Nicholas Elefterakis, Esq.

---

PLEASE TAKE NOTICE
( )    that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on at

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116